(918 P.2d 651)
No. 74,325

ANGELA R. HULL, *et al.*, *Appellants*, v. CONRADO AGUSTIN, M.D., *et al.*, *Appellees*.

Opinion filed June 7, 1996.

*Bradley J. Prochaska* and *Gerard C. Scott*, of Prochaska and Scott, of Wichita, for the appellants.

*William Tinker, Jr.*, of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., of Wichita, for the appellees.

Before LEWIS, P.J., ELLIOTT, J., and CHARLES E. WORDEN, District Judge, assigned.

LEWIS, J.: Plaintiffs initially filed suit against St. Francis Regional Medical Center (St. Francis), seeking damages for negligence allegedly involved in the birth of their daughter, Angela. St. Francis sought to compare its negligence with the negligence of Dr. Conrado Agustin. Plaintiffs then amended their petition and added Dr. Agustin as a party defendant. St. Francis sought no affirmative relief from Dr. Agustin. The trial court granted summary judgment in favor of Dr. Agustin and against plaintiffs. Plaintiffs appeal.

The facts on which plaintiffs' suit is based are relatively unimportant to our decision. However, highly summarized, Angela suffered brain and lung damage during her delivery. Plaintiffs claim that St. Francis was negligent because it did not have an anesthesiologist or a physician qualified to perform an emergency Cesarean section immediately available when plaintiffs arrived at the hospital. Plaintiffs contend Dr. Agustin was negligent because he allegedly took too long to prepare for surgery once he arrived at the hospital.

Plaintiffs were the only parties seeking recovery from Dr. Agustin. Dr. Agustin filed a motion for summary judgment directed only against plaintiffs. In that motion, Dr. Agustin set forth various uncontroverted statements of fact. Included among those facts was a statement that none of plaintiffs' experts had stated that in their opinions, Dr. Agustin had deviated from the applicable standard of care and they had, in fact, stated their opinions to the contrary.

If those uncontroverted facts are taken to be true, then plaintiffs had failed to prove a cause of action against Dr. Agustin, and the doctor was entitled to judgment.

Plaintiffs did not respond in any fashion to Dr. Agustin's motion for summary judgment. They did not controvert his uncontroverted statements of fact. They did nothing. It appears that plaintiffs' failure to respond to the motion for summary judgment was deliberate.

Despite the fact that plaintiffs did not respond, St. Francis did respond to Dr. Agustin's summary judgment motion, although it was not directed against St. Francis. St. Francis controverted the facts set forth in Dr. Agustin's motion. It stated it had "no disagreement with plaintiffs' dismissing Dr. Agustin from this suit, as long as St. Francis' right of availing itself of statutory comparative fault principles is preserved." In other words, St. Francis responded to the motion of Dr. Agustin in order to protect its right to compare fault with him.

The trial court granted Dr. Agustin's motion for summary judgment against plaintiffs. It further held that the remaining defendant, St. Francis, could continue to compare fault with Dr. Agustin.

At some later point in the litigation, plaintiffs settled their lawsuit against St. Francis. The purpose of this appeal is an attempt to reinstitute their action against Dr. Agustin.

The question presented is relatively simple: When one defendant files a motion for summary judgment directed specifically at a plaintiff and that plaintiff fails to respond to that motion, may the trial court grant summary judgment in favor of that defendant and against that plaintiff even though another party defendant responded to the motion and controverted the facts? We answer that query in the affirmative.

The summary judgment motion filed by Dr. Agustin was directed only to plaintiffs. Under such circumstances, plaintiffs may not fail to respond to this motion and then avoid summary judgment by relying on the response of another party.

K.S.A. 60-256(e) states, in pertinent part: "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." In this case, plaintiffs were the adverse party, they did not respond to the motion, and summary judgment was appropriate.

Plaintiffs insist that summary judgment was "not appropriate" in this case because St. Francis controverted the facts set out in Dr. Agustin's motion for summary judgment. Therefore, plaintiffs argue, there were still material questions of fact to be decided, and the trial court erred in granting summary judgment. We disagree. There may have remained material issues of fact between St. Francis and Dr. Agustin, but no such material issues of fact remained to be determined in the lawsuit between plaintiffs and Dr. Agustin.

A lawsuit is an adversary proceeding. A failure to respond to a motion for summary judgment directed at an adverse party is a very perilous, perhaps fatal, omission on the part of the adverse party. In this case, all of the issues between plaintiffs and Dr. Agustin were disposed of by the summary judgment motion. Whether there remained issues between Dr. Agustin and St. Francis is irrelevant to plaintiffs' argument on appeal.

In *U.S.D. No. 259 v. Sloan*, 19 Kan. App. 2d 445, 871 P.2d 861, *rev. denied* 255 Kan. 1007 (1994), the plaintiff filed a motion for summary judgment. The defendant did not file an answer to the

motion to dispute the plaintiff's list of uncontroverted facts but appealed the trial court's grant of summary judgment to the defendant. Our court held: "To defeat a properly supported motion for summary judgment, the *nonmovant must come forward with specific, material facts showing there is a genuine issue for trial.*" (Emphasis added.) 19 Kan. App. 2d at 447.

In this case, the nonmovant (plaintiffs) failed to come forward with specific, material facts showing a genuine issue for trial.

Plaintiffs argue that the trial court was not required to grant summary judgment simply because they failed to respond to the motion for summary judgment. We agree. See *Ruebke v. Globe Communications Corp.*, 241 Kan. 595, 604, 738 P.2d 1246 (1987). The trial court has the discretion to make a decision whether to grant summary judgment when the party opposing the motion fails to respond. We find no abuse of discretion in this case.

We see no need to extend this opinion by citing the numerous court decisions on summary judgment in this state. All of those decisions clearly indicate that if a party wishes to avoid summary judgment, he or she must respond to the motion filed against him or her, must controvert the facts set forth, and must come forward with something of evidentiary value to establish a material issue of fact. See, *e.g.*, *Glenn v. Fleming*, 247 Kan. 296, 305, 799 P.2d 79 (1990). Plaintiffs in this case did not follow the well-known rules set forth by our decisions concerning the importance of opposing a motion for summary judgment.

We hold that by virtue of plaintiffs' failure to respond to Dr. Agustin's motion for summary judgment, Dr. Agustin's uncontroverted facts were properly deemed admitted by the trial court. Once those facts were admitted, plaintiffs had failed to prove a cause of action, and it was appropriate for the trial court to enter summary judgment. We further conclude that the trial court did not abuse its discretion in finding there were no genuine issues of material fact between plaintiffs and Dr. Agustin and in granting summary judgment in favor of Dr. Agustin.

Affirmed.